NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3887
_____

YUSEF ALLEN,
                                        Appellant

v.

THE ADMINISTRATOR NEW JERSEY STATE PRISON;
THE ATTORNEY GENERAL OF THE STATE OF NEW JERSEY
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civ. No. 2-13-cv-04304)
District Judge: Honorable Kevin McNulty
_____

Submitted under Third Circuit LAR 34.1(a)
November 6, 2018

BEFORE:  HARDIMAN, KRAUSE, and GREENBERG, Circuit Judges

(Filed: December 3, 2018)
_____

OPINION[*]
_____

GREENBERG, Circuit Judge.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

## I. INTRODUCTION

This matter comes on before this Court on an appeal from an order of the District Court entered on September 6, 2016, denying appellant Yusef Allen's petition for a writ of habeas corpus following his conviction and sentencing at a jury trial and numerous state court post-trial proceedings in a murder case with related charges in the New Jersey Superior Court.[1] The District Court had jurisdiction under 28 U.S.C. § 2254 and we have jurisdiction under 28 U.S.C. § 1291. The District Court denied the petition in a comprehensive opinion. Allen v. Warren, Civ. No. 13-4304, 2016 WL 4649799 (D.N.J. Sept. 6, 2016).

We conclude, exercising plenary review because the District Court did not hold an evidentiary hearing, that for substantially the same reasons that the Court set forth in its opinion, Allen is not entitled to relief on either ground one or ground seven in his petition for habeas corpus, both of which pertain to the prosecutor's alleged misconduct. Though his petition included other grounds on which he sought relief, these were the only grounds on which we granted a certificate of appealability. We have nothing significant to add to the Court's comprehensive opinion though we do note that the state courts in rejecting Allen's claims did not make any decision that fair minded jurists could agree was contrary to, or involved an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States or was based on an unreasonable determination of the facts based on the evidence presented in the state court

---

[1] We are satisfied that even though the District Court received Allen's notice of appeal after the final filing date, it was timely under the mail box rule. Fed. R. App. P. 4(c)(1).

proceedings.  See 28 U.S.C. § 2254(d); Harrington v. Richter, 562 U.S. 86, 102, 131 S.Ct. 770, 786 (2011).

We also point out that even if Allen had been entitled to habeas corpus relief by reason of the prosecutor's alleged misconduct, the relief likely would have resulted in a new trial.  See Slutzker v. Johnson, 393 F.3d 373, 390 (3d Cir. 2004).  Yet the state trial court in response to Allen's objections to events at the trial several times offered to declare a mistrial and thus effectively grant Allen a new trial but Allen declined the offer.  Rather than accept new trial relief when it was available, he preferred to take his chances on being acquitted in the proceeding then pending.

Finally, we point out that to be successful on a prosecutorial misconduct claim a defendant must show that the misconduct "so infected the trial with unfairness as to make the resulting conviction a denial of due process."  Darden v. Wainwright, 477 U.S. 168, 181, 106 S.Ct. 2464, 2471 (1986) (internal quotation marks omitted) (quoting Donnelly v. DeChristoforo, 416 U.S. 637, 643, 94 S.Ct. 1868, 1871 (1974)).  After our plenary review of the matter, we are satisfied that Allen's case does not meet that standard for the reasons that the District Court set forth.

The order of September 6, 2016, denying the petition for habeas corpus will be affirmed.